UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| GREGORY L. CONLEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) 1:14-cv-01586-RLY-DKL |
| | ) |
| CAROLYN W. COLVIN, Acting Commissioner of the Social Security Administration, | ) ) ) |
| | ) |
| Defendant. | ) |

**ENTRY ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Gregory L. Conley seeks judicial review of the final decision of the Commissioner of the Social Security Administration, denying his applications for Social Security Disability Insurance benefits ("DIB") and Supplemental Security Income ("SSI") under the Social Security Act ("the Act"). The court referred the matter to the Magistrate Judge, who recommends that the court uphold the decision of the Commissioner. This matter now comes before the court on Conley's Objections to the Magistrate Judge's Report and Recommendation. For reasons detailed below, the court **OVERRULES** Conley's objections and **ADOPTS** the Report and Recommendation of the Magistrate Judge in its entirety.

1

**I.      Background[1]**

In June 2012, Conley filed applications for DIB and SSI, alleging disability as of March 1, 2010.  In a decision issued on April 11, 2014, the Administrative Law Judge ("ALJ") determined that Conley suffered from several severe impairments, including mitral valve prolapse ("MVP"), tricuspid valve prolapse, history of supraventricular tachycardia ("SVT"), cirrhosis, diabetes mellitus, pancytopenia, and pancreatitis.  (*See* Filing No. 13 ("Tr.") at 21).  The ALJ concluded, however, that the severity of Conley's medically determinable impairments, or combination thereof, did not meet the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.  The ALJ further found that Conley had a residual functional capacity ("RFC") to perform the requirements of past relevant work as a carwash supervisor, automobile detailer, and utilities and maintenance supervisor.  In reaching Conley's RFC, the ALJ first found that his impairments could reasonably be expected to cause the alleged symptoms.  The ALJ then considered the record evidence vis-à-vis Conley's statements concerning the intensity, persistence, and limiting effects of his symptoms and found his statements not entirely credible.  Accordingly, the ALJ found Conley not disabled under Titles II and XVI of the Act.  *See* 42 U.S.C. §§ 416(i), 423(d), and 1382c(a)(3).

Conley sought judicial review in district court on grounds that (1) substantial evidence did not support the ALJ's determination of Conley's RFC; (2) the ALJ

---

[1]    Because the Report and Recommendation, the ALJ's decision, and the parties' briefs sufficiently detail the facts of this matter, the court need not restate them in full here.  The court will recount the facts as necessary to resolve Conley's specific objections.

mischaracterized record evidence in making the credibility determination; and (3) the ALJ provided an incomplete hypothetical to the vocational expert that omitted some of Conley's physical and mental impairments. The Magistrate Judge recommends affirming the Commissioner's denial of benefits, finding that substantial evidence supports the ALJ's RFC determination, and that Conley failed to show error in the credibility determination. Conley now raises two objections to the Report and Recommendation and asks the court to vacate the Commissioner's decision and remand for further proceedings.

## II.     Discussion

### A.     Standard of Review

The court will uphold the Commissioner's denial of benefits if the ALJ applied the correct legal standard and substantial evidence supports the decision. *Castile v. Astrue*, 617 F.3d 923, 926 (7th Cir. 2010). Substantial evidence "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007) (citation omitted). In reviewing the decision, the court will not "reweigh evidence, resolve conflicts, decide questions of credibility, or substitute [its] own judgment for that of the Commissioner." *Lopez ex rel. Lopez v. Barnhart*, 336 F.3d 535, 539 (7th Cir. 2003). Rather, the court reviews the ALJ's rationale to assess whether an "accurate and logical bridge" connects the evidence in the record to the final decision. *Id.* Although the ALJ must consider all lines of evidence so that a reviewing court may determine whether substantial evidence supports a decision, the ALJ need not mention or specifically discuss each piece of evidence. *Golembiewski v. Barnhart*, 322 F.3d 912, 917 (7th Cir. 2003).

When a party raises specific written objections to elements of a magistrate judge's report and recommendation, the court reviews those elements *de novo*. Fed. R. Civ. P. 72(b). The court may defer to those conclusions in the report and recommendation not subject to a specific objection so long as the court finds no clear error. *See Schur v. L.A. Weight Loss Centers, Inc.*, 577 F.3d 752, 760 (7th Cir. 2009). Ultimately, the court decides whether to "accept, reject, or modify" the decision and thus need not accept any portion as binding. *Id.*

### B. New and material evidence

Conley's first objection concerns the finding that he waived his argument in support of remand on grounds that new and material evidence exists regarding his liver cirrhosis. The evidence at issue is a one-page letter from Nurse Marlow Stinson, dated May 1, 2014, in which she states that Conley cannot maintain gainful employment due to his advanced liver disease. In support, she states that Conley "suffers from end-stage liver disease complicated by portal hypertension with ascites and pleural effusion." She also notes that his hepatic encephalopathy causes him difficulty with concentration, confusion, and fatigue, and that he is being considered for a liver transplant. (Filing No. 25-1 at 2).

The ALJ issued the decision on April 11, 2014, and therefore did not have the benefit of considering Nurse Stinson's letter in rendering her decision. The ALJ cited progress reports indicating that his cirrhosis and pancreatitis are controlled with treatment. (Tr. at 25). The objective medical evidence, the ALJ reasoned, did not corroborate Conley's alleged gastrointestinal symptoms, including severe and constant

abdominal pain. (*Id.*). The ALJ cited this discrepancy as a reason for the adverse credibility finding.

Conley designated Nurse Stinson's letter as "new and material evidence" in his application for review to the Appeals Council. In summarily denying review, the Council found the letter to apply to Conley's then current condition—that is, his condition as of May 1—and therefore did not provide a basis for changing the decision. (Tr. at 4).

In support of judicial review, Conley cites to Nurse Stinson's letter and claims that his need for a liver transplant undermines the ALJ's credibility determination. Conley argues in a single sentence that because the letter might potentially impact the credibility determination, the letter satisfies the criteria for remand pursuant to 20 C.F.R. §§ 404.970(b) and 416.1470(b). On objection, Conley seeks remand pursuant to 42 U.S.C. § 405(g), which provides that a reviewing court may consider additional evidence "only upon a showing that there is new evidence which is material." Evidence submitted to and rejected by the Council does not constitute "new" evidence to the district court and thus cannot be considered to reevaluate the ALJ's decision. *Farrell v. Astrue*, 692 F.3d 767, 770 (7th Cir. 2012).

However, whether substantial evidence supports the ALJ's decision and whether the Council properly rejected the additional evidence are two distinct inquiries. *Id.* at 770–71. Additional evidence that is new and material and relates to the period on or before the date of the ALJ's decision, qualifies for inclusion into the record. 20 C.F.R. §§ 404.970(b), 416.1470(b). The Council must evaluate the decision in light of the entire record, including the qualifying evidence, to determine if the decision runs contrary to the

weight of evidence. *Id.* (prescribing the Council's two-step process when presented with additional evidence); § 416.1470(b) (same). A finding as to whether additional evidence qualifies under the regulation amounts to an application of law that the court reviews *de novo*. *Farrel*, 692 F.3d at 771.

Here, the Council did not include Nurse Stinson's letter as an exhibit in the record and therefore deemed it non-qualifying. The Council observed that Nurse Stinson's letter contains "new information . . . about a later time," concluding that it does not affect the determination of his disability status for the period preceding the ALJ's decision. The court seriously doubts that the date of a medical document forecloses the possibility that its contents might weigh on a medical condition existing a month prior. *But see Schmidt v. Barnhart*, 395 F.3d 737, 742 (7th Cir. 2005) (finding additional evidence dated from one to three years after the ALJ's decision does not relate back). Nevertheless, as the Commissioner notes, Nurse Stinson expressed each opinion in the present tense, stating that Conley "has a high MELD score and is being considered for liver transplantation," and "suffers from end-stage liver disease." *See id.* (noting that medical records postdating the hearing and that speak only to the applicant's current condition do not satisfy the "new and material" standard).

Conley's conclusory statement that Nurse Stinson's opinion undermines the ALJ's credibility determination simply does not carry the day. *See, e.g.*, *Rice v. Barnhart*, 384 F.3d 363, 371 (7th Cir. 2004) (noting that ALJs need not rely on medical opinions that lack basis in objective observations). In assessing Conley's credibility, the ALJ considered his subjective reports of symptoms in light of the objective medical evidence

and found that, notwithstanding his limitations due to cirrhosis and pancreatitis, the evidence did not support the alleged severity of abdominal symptoms. Conley fails to explain, nor is it apparent, how Nurse Stinson's letter undermines the ALJ's finding that medication effectively controls his gastrointestinal conditions. As the Magistrate Judge notes, Conley failed to develop any argument that Nurse Stinson's note in fact related to the appropriate time period and has thus waived the issue.[2] *See Schomas v. Colvin*, 732 F.3d 702, 708 (7th Cir. 2013) (finding that a mere legal citation without developing an argument beyond conclusory assertions results in waiver on review).

### C. The ALJ's credibility determination

Conley also objects to the Report and Recommendation to the extent it "forgives" the ALJ's assessment of the evidence in making a credibility determination. Conley argues the Magistrate Judge wrongly excuses the ALJ's failure to discuss two emergency room visits where he complained of rapid heart rate, underwent several hours of monitoring, and was discharged the same day. He also objects to excusal of the ALJ's failure to account for Conley's admirable work history.[3]

The ALJ can best assess the witness's truthfulness and forthrightness and thus commands special deference with respect to credibility determinations. *Shideler*, 688

---

[2] Notably, Conley's brief in support of review before the Council does little more than recite the contents of Nurse Stinson's letter. (*See* Filing No. 13-6 at 37).

[3] To the extent Conley raises other non-specific objections, the court reviews them for clear error. Rule 72(b) contemplates specific, written objections to guide the court in a focused review. Simply incorporating or referring to "additional mischaracterizations" in a prior brief does not suffice. *See Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 741 (7th Cir. 1999) (holding that although Rule 72(b) does not require that legal and factual support accompany objections, the objections must be specific in nature).

F.3d 306, 310–11 (7th Cir. 2012).  The court will not overturn a finding on credibility unless it is "patently wrong." *Id.*  In making its determination, the ALJ must "consider the entire case record and give specific reasons for the weight given to the individual's statements." *Id.* (citation omitted).  On review, the court examines only "whether the ALJ's determination was reasoned and supported." *Id.*

The ALJ found Conley's subjective statements regarding the severity of his cardiac symptoms only partially credible in light of the objective medical evidence. Conley reported that his medications notwithstanding, he suffers recurrent spells of chest pain and heart palpitations accompanied by dizziness and shallow breathing.  (Tr. at 24, 53–54; *see also* Tr. at 341 (reporting Conley's complaint of "intermittent nonexertional chest discomfort")).  The ALJ explained that the record confirms Conley's diagnoses and treatment for irregular cardiac rhythms, such as MVP and SVT.  (*See, e.g.*, Tr. at 341–42, 600–01).  To account for his limitations, the ALJ restricted Conley's RFC to light work activities.[4]  To the extent Conley claimed he could not work due to cardiac symptoms, the ALJ discredited this claim due to an absence of corroborative evidence in the record.  In other words, the ALJ recognized Conley's cardiac impairments but found insufficient evidence in the record to support the alleged severity of his symptoms and their impact on his functional capacity.  As the ALJ noted, numerous medical records show that Conley denied experiencing chest pain, dizziness, or shallow breathing during medical examinations (*see, e.g.*, Tr. at 345–46, 348–49, 351–52, 354–55, 573).  The ALJ cited

---

[4]   "Light work" exertion "involves lifting no more than 20 pounds at a time" and "requires a good deal of walking or standing . . . ."  20 C.F.R. §§ 404.1567(b), 416.967(b).

8

records indicating that Conley had stable cardiac function with few episodes of palpitations and normal ejection fraction and left ventricle systolic function. (*See* Tr. at 380–81).

On February 12, 2012, and again on June 25, 2012, Conley reported to the emergency room complaining of a rapid or "fluttery" heart rate. The ALJ mentioned neither visit in the decision. Conley argues this omission renders the ALJ's credibility determination "patently wrong" because it affirms the severity of Conley's alleged symptoms. The court disagrees. The ALJ need not mention each piece of evidence so long as the rationale is sound. *See Varga v. Colvin*, 794 F.3d 809, 813 (7th Cir. 2015). Treatment notes confirm that on both occasions he suffered episodes of SVT but reported no chest pain or dizziness.[5] (*See* Tr. at 272–73, 252–53). As the ALJ noted, Conley's treatment consisted of oral medication. (Tr. at 22; *see also* Tr. at 341 (indicating that his episodes of SVT are treatable with medication)). Notably, Conley testified at his hearing that his medication generally controls the MVP (i.e., heart palpitations) and that he still occasionally experiences SVT. (Tr. at 53–54). Thus, evidence of Conley's hospitalizations does not undermine the ALJ's credibility determination. The ALJ reasonably found that despite Conley's severe but treatable impairments, his alleged symptoms of recurrent chest pain and palpitations did not find support in the medical record.

---

[5] On objection, Conley blithely refers to his episodes of SVT as "heart attacks."

Finally, Conley asserts in a single sentence that the ALJ erred in failing to consider his excellent work history in determining his credibility. Although a good work history entitles an applicant to substantial credibility when claiming an inability to work due to a disability, this consideration is not dispositive. *Shumaker v. Colvin*, No. 15-1923, 2015 WL 8479517, at *5. An ALJ's failure to consider work history will not negate an adverse credibility finding supported by substantial evidence. *Id.* As noted above, the ALJ's finding as to Conley's credibility finds substantial support in the record. Therefore, the court will not upset the ALJ's decision.

### III. Conclusion

For the foregoing reasons, Conley's objections to the Magistrate Judge's Report and Recommendation (Filing No. 25) are **OVERRULED** and the court **ADOPTS** the findings and recommendation as set forth therein.

**SO ORDERED** this 30th day of March 2016.

_____
RICHARD L. YOUNG, CHIEF JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.